1

2

3

4

5

6

7                              IN THE UNITED STATES DISTRICT COURT

8                           FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                        SAN JOSE DIVISION

10   CHRISTOPHER BOGOSIAN, et. al.,            NO. 5:11-cv-02043 EJD

11            Plaintiff(s),                    **ORDER DENYING PLAINTIFFS' EX
                                               PARTE APPLICATION FOR ENTRY OF
        v.                                     TEMPORARY RESTRAINING ORDER
12                                             AND ORDER TO SHOW CAUSE FOR
     CR TITLE SERVICES, INC., et. al.,         PRELIMINARY INJUNCTION**
13
              Defendant(s).
14   _____/      **Docket Item No. 4**

15

16        The instant action arises from a loan secured by the residence of Plaintiffs Christopher

     Bogosian and Sarah Bogosian, located at 515 North 18th Street in San Jose ("the Residence").
17
     Presently before the Court is Plaintiffs' ex parte request for a temporary restraining order ("TRO")
18
     and Order to Show Cause ("OSC") for preliminary injunction to enjoin Defendants CitiMortgage,
19
     Inc. ("CitiMortgage"), CR Title Services, Inc. ("CR Title") and Mortgage Electronic Registration
20
     Systems, Inc. ("MERS") from conducting a non-judicial foreclosure on the Residence.  Defendants
21
     challenge this request in written opposition.  Having reviewed the parties' submissions, the Court
22
     finds this matter appropriate for decision without oral argument.  Civil L. R. 7-1(b).  For the reasons
23
     explained below, the application will be denied.[1]
24
     //
25

26        _____
            [1] This disposition is not designated for publication in the official reports.
27
     Case No. 5:11-cv-02043 EJD (HRL)
28   ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TRO AND OSC FOR
     PRELIMINARY INJUNCTION (EJDLC1)

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1

## I. LEGAL STANDARD

2      The standard for issuing a TRO is the same as that for the issuance of preliminary injunction.

3 See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2, 98 S. Ct. 359, 54

4 L. Ed. 2d 439 (1977).  A preliminary injunction is "an extraordinary remedy that may only be

5 awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. Natural Res.

6 Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008).  "The proper legal

7 standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to

8 succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary

9 relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public

10 interest."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 129 S. Ct. at

11 374).  As a corollary to this test, the Ninth Circuit has also found a preliminary injunction

12 appropriate if "serious questions going to the merits were raised and the balance of the hardships tips

13 sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal

14 questions require further inspection or deliberation.  Alliance for the Wild Rockies v. Cottrell, 622

15 F.3d 1045, 1049 (9th Cir. 2010).

16

## II. DISCUSSION

17      Plaintiffs seek to prevent Defendants from proceeding with the foreclosure sale currently

18 scheduled for May 25, 2011, based on a several theories.  Considering the record before the Court,

19 however, Plaintiffs are unlikely to succeed on the merits of any theory.

20      As a fundamental matter, Plaintiffs argue CitiMortgage and CR Title lack standing to

21 foreclose on the Residence for two reasons.  First, Plaintiffs claim the purported assignment of the

22 Promissory Note ("Note") and Deed of Trust from MERS to CitiMortgage was ineffective because

23 MERS did not actually participate in the transaction.  App. for TRO (Dkt. Item No. 4) at 11:11.

24 Specifically, Plaintiffs take issue with the fact that the same individual, namely Lisa Markham,

25 signed the Assignment on behalf MERS and signed the Substitution of Trustee on behalf of

26

27                                                                2

28 Case No. 5:11-cv-02043 EJD (HRL)
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TRO AND OSC FOR
PRELIMINARY INJUNCTION (EJDLC1)

United States District Court

For the Northern District of California

1   CitiMortgage.  Id. at Exs. 3, 4.  From this alone, Plaintiffs conclude Markham had no authority to act

2   for MERS.  Id. at 12:1.  This conclusion, however, presumes too much.  Other than the bare

3   allegation, Plaintiffs produced no information supporting their theory.  Defendants, on the other

4   hand, have provided MERS' authorization for Markham to assign mortgage loans on their behalf.

5   Opp. to TRO (Dkt. Item No. 8) at Ex. A.  Additionally, to the extent Plaintiffs take issue with

6   Markham's dual position, Plaintiffs have not identified relevant legal authority prohibiting such an

7   arrangement.   Because it does appear Markham was able to assign the Note and Deed of Trust from

8   MERS to CitiMortgage, Plaintiffs' argument to the contrary fails.

9        Plaintiffs alternatively argue that in the event an assignment did occur, MERS "was never a

10  beneficiary" and therefore had no interest to assign.  App. for TRO at 12:5.  But this claim ignores

11  the express language of the Deed of Trust, which states that MERS is the "nominee for Lender and

12  Lender's successors and assigns, and the beneficiary under the Deed of Trust."  Id. at Ex. 7.  It also

13  contains the following statement:

14         Borrower understands and agrees that MERS holds only legal title to
           the interests granted by Borrower in this Security Instrument, but, if
15         necessary to comply with law or custom, MERS (as nominee for
           Lender and Lender's successors and assigns) has the right: to exercise
16         any or all of those interests, including but not limited to, the right to
           foreclose and sell the Property....

17

18       The page containing this language was initialed by Plaintiffs.  Id.  Therefore, according to the

19  original Deed of Trust to which Plaintiffs agreed, MERS - as the named beneficiary - was vested

20  with the right to foreclose on the Residence and could assign such right to CitiMortgage.  Courts that

21  have previously examined Deeds of Trust containing this exact language have routinely found that

22  "MERS had the right to assign its beneficial interest to a third party."  Basia v. Indymac Fed. Bank,

23  No. CIV-09-1464 WBS JMF, 2009 U.S. Dist. LEXIS 103444, at *8-*11 (E.D. Cal. Nov. 6, 2009);

24  see also, e.g., Roybal v. Countrywide Home Loans, Inc., No. 2:10-CV-750-ECR-PAL, 2010 U.S.

25  Dist. LEXIS 131287, at *11, (D. Nev. Dec. 9, 2010) ("there is a near consensus among district courts

26

27                                                      3

28

1   in this circuit that while MERS does not have standing to foreclose as a beneficiary, because it is not

2   one, it does have standing as an agent of the beneficiary where it is the nominee of the lender, who is

3   the true beneficiary"); Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH,

4   2010 U.S. Dist. LEXIS 2037, at *21 (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that

5   MERS does in fact have standing to foreclose as the nominee of the lender.") (citations omitted);

6   Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149, 1158 (Cal. App. 4 Dist. 2011)

7   ("'MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce

8   the note on the lender's behalf.'") (quoting Morgera, 2010 U.S. Dist. LEXIS 2037, at *22).  The

9   Bankruptcy Court which decided the case cited by Plaintiffs, namely U.S. Bank N.A. v. Skelton (In

10  re Salazar), 2011 Bankr. LEXIS 1187 (S.D. Cal. Apr. 12, 2011), appears in the minority.  As such,

11  Plaintiffs have offered no compelling reason for this Court to depart from the conclusions of its

12  predecessors.

13         Plaintiffs additional arguments are equally unavailing.  Plaintiffs rely on a letter dated

14  November 24, 2010, to claim that CitiMortgage itself admitted it has no interest in the Note or Deed

15  of Trust.  Id. at Ex.  2.  This letter, however, was created before the assignment from MERS to

16  CitiMortgage on December 27, 2010.  Id. at Ex. 3.  Thus, while CitiMortgage's representations in

17  the letter were true at the time it was drafted, they have since been assigned a beneficial interest.

18  And since CitiMortgage's beneficial interest includes the right to foreclose, the Notice of Default

19  listing CitiMortgage as the beneficiary and signed by their agent was neither defective nor in

20  violation of Civil Code § 2923.5.  Id. at Ex. 5.

21         In conclusion, Plaintiffs have not proven an essential element for the issuance of a TRO

22  since, as discussed above, they are unlikely to succeed on the merits.  In addition, while the Court

23  has been mindful of Plaintiffs' interest in this matter, Plaintiffs have not raised the type "serious

24  questions" requiring the preservation of the status quo pending further review.  For these reasons,

25  the Court declines Plaintiffs' request for ex parte injunctive relief and further declines to issue the

26

27                                          4

28

1    requested OSC.

2                                    **III.    ORDER**

3         Plaintiffs' application for entry of a Temporary Restraining Order and Order to Show Cause

4    for Preliminary Injunction is DENIED.

5         **IT IS SO ORDERED.**

6

7    Dated:  May 18, 2011

8                                                        EDWARD J. DAVILA
                                                         United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 5:11-cv-02043 EJD (HRL)
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TRO AND OSC FOR
PRELIMINARY INJUNCTION (EJDLC1)

**United States District Court**
For the Northern District of California

1

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2

Matthew T Bogosian staff@bogosianlaw.com
Christopher Lee Peterson cpeterson@piteduncan.com,chanley@piteduncan.com

3

Peter Joseph Salmon psalmon@piteduncan.com
Christopher Jacob Young cyoung@kvn.com,efiling@kvn.com,dxc@kvn.com

4

5

**Dated:  May 18, 2011**                                                **Richard W. Wieking, Clerk**

6

7

**By:     /s/ EJD Chambers                    **
                                                                                      **Elizabeth Garcia**

8
                                                                                      **Courtroom Deputy**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

Case No. 5:11-cv-02043 EJD (HRL)
ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR ENTRY OF TRO AND OSC FOR
PRELIMINARY INJUNCTION (EJDLC1)