United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHRISTOPHER BOGOSIAN, et. al., | NO. 5:11-cv-02043 EJD (HRL) |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| CR TITLE SERVICES, INC., et. al., | [Docket Item Nos. 13, 18] |
| Defendant(s). | |

Plaintiffs Christopher Bogosian and Sarah Bogosian ("Plaintiffs") filed a Complaint against a series of defendants in Santa Clara County Superior Court in April, 2011, alleging claims related to a then-pending foreclosure proceeding. Defendants CR Title Services, Inc. ("CR Title") and CitiMortgage, Inc. ("CitiMortgage") then removed the action to this court. Through the instant motion, Plaintiffs seek to remand this matter back to the Superior Court from which it originated. See Docket Item Nos. 13, 18. Defendants CR Title, CitiMortgage, as well as Mortgage Electronic Registration Systems, Inc., Federal National Mortgage Association, Pam January, Shelley Boek, and First American Title Insurance Company (collectively, "Defendants") oppose their request. Having reviewed the written submissions for this matter, the court finds it appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). The scheduled hearing will therefore be vacated and the Motion to Remand denied.[1]

---

[1] This disposition is not intended for publication in the official reports.

1

Case No. 5:11-cv-02043 EJD (HRL)
ORDER DENYING PLAINTIFFS' MOTION TO REMAND (EJDLC1)

## I. PROCEDURAL BACKGROUND

Plaintiffs filed a Complaint against Defendants in Santa Clara County Superior Court on April 14, 2011. See Notice of Removal, Docket Item No. 1 ("Not. of Removal"), at Ex. A. Thereafter, CR Title and CitiMortgage filed a Notice of Removal on April 26, 2011. See Not. of Removal. That document includes the following statement:

> Defendants CitiMortgage, Inc. and CR Title Services, Inc. have not been technically served with a copy of the summons and complaint. However, a Notice of Acknowledgment of Receipt for the summons and complaint has been delivered to CitiMortgage, Inc.'s counsel via mail showing a mailing date of April 15, 2011. Defendant CR Title Services, Inc. was served a Notice of Acknowledgment of Receipt for the summons and complaint showing a mailing date of April 20, 2011. Defendants CitiMortgage, Inc. and CR Title Services, Inc. are unaware of service having been effectuated on any other named party.

Id. at ¶ 3.

On June 9, 2011, Plaintiffs filed the instant Motion to Remand, which they amended on July 7, 2011.

## II. DISCUSSION

Plaintiffs argue this action must be remanded because certain defendants, namely Joan H. Anderson and First American Title Insurance Company, have not consented to the removal. This is a procedural - as opposed to jurisdictional - challenge to the removal process. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). The court address this argument below, but first examines the basis for federal jurisdiction over this action.

### A. Removal Jurisdiction

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant.").

Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states.  28 U.S.C. §§ 1441(a), (b).  It falls upon the defendant to show the basis for federal jurisdiction.  Nishimoto v. Federman-Bachrach & Assoc., 903 F.2d 709, 712 (9th Cir. 1990).  Removal jurisdiction statutes are strictly construed against removal.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

The Notice of Removal filed in this action relies on the presence of a federal question.  See Docket Item No. 1, at ¶ 4.  When that is the case, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)).  "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question."  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  The complaint as it existed at time of removal dictates whether removal jurisdiction is proper.  Libhart, 592 F.2d at 1065.

Here, the complaint alleges three claims that arise under federal statutes.  First, Plaintiffs allege in their ninth claim that all defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et. seq.  See Docket Item No. 1, Ex. A at ¶¶ 97-99.  Second, Plaintiffs' eleventh claim alleges violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 et. seq., against CitiMortgage, CR Title, and First American Title Insurance Company.  See Docket Item No. 1, Ex. A at ¶¶ 104-107.  Third, Plaintiffs allege in their twelfth claim that CitiMortgage, violated the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 et. seq.  See Docket Item No. 1, Ex. A at ¶¶ 108-111.  Each of these federal statutes allows for a private right of action.  See 18 U.S.C. § 1964(c) (RICO allows "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit...."); see also 12 U.S.C. § 2605(f) (RESPA clarifies that "[w]hoever fails to comply with any provision of this section shall be liable to the borrower for each such failure...."); see also 15 U.S.C.

3

1  § 1640(a) (TILA states that "any creditor who fails to comply with any requirement imposed under
2  this part . . . with respect to any person is liable to such person."). Based on these claims and their
3  associated allegations, the court finds that the complaint raises federal questions on its face such that
4  this court may exercise removal jurisdiction over this action, and that Defendants have met their
5  burden to prove a basis for federal jurisdiction.

6        **B.**      **Procedural Challenge**

7      In a case with multiple defendants such as this one, all defendants must join in a removal
8  petition. Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1224 (9th Cir. 2009). This is known
9  as the "rule of unanimity." Id. at 1225. However, defendants who have not been properly served at
10 the time the removal notice is filed are not required to join, and their consent can be subsequently
11 obtained. Destfino v. Reiswig, 630 F.3d 952, 956-57 (9th Cir. 2011) ("All defendants who have
12 been 'properly...served in the action' must join a petition for removal....If this is not true when the
13 notice of removal is filed, the district court may allow the removing defendants to cure the defect by
14 obtaining joinder of all defendants prior to the entry of judgment."). Where, as here, a defendant
15 seeks to file a notice of removal in which all named defendants have not joined, it must explain
16 affirmatively the absence of the non-joining defendants. Prize Frize, Inc v. Matrix Inc., 167 F.3d
17 1261, 1266 (9th Cir. 1999), superseded by statute on other grounds, 28 U.S.C. § 1453(b), as
18 recognized in Abrego v. Dow Chem Co., 443 F.3d 676, 681 (9th Cir. 2006). A motion challenging a
19 removal notice on procedural grounds must be filed within 30 days of removal. 28 U.S.C. § 1447(c)
20 ("A motion to remand the case on the basis of any defect other than lack of subject matter
21 jurisdiction must be made within 30 days after the filing of notice of removal under section
22 1446(a).").

23     Under the standards stated above, the motion to remand fails for two reasons. First,
24 Plaintiff's motion was not filed within the applicable 30-day period provided by 28 U.S.C. §
25 1447(c). Indeed, CR Title, and CitiMortgage filed the Notice of Removal on April 26, 2011. See
26 Docket Item No. 1. This motion was not filed in its original form until June 9, 2011 - 44 days later.
27 Thus, the motion to remand is untimely, and Plaintiff's objections to the removal procedure have
28 been effectively waived. See Nor. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.,

69 F.3d 1034, 1039 (9th Cir. 1995); see also Shirley v. Wachovia Mortg. FSB, No. 10-3870 SC, 2010 WL 4977743, 2010 U.S. Dist. LEXIS 133248, at *3-5 (N.D. Cal. Dec. 2, 2010). Plaintiffs' belief that the motion was timely-filed within 30 days of, as they put it, "the defect in removal," is notably unsupported by authority.[2]

Second, this motion lacks sufficient evidence to support Plaintiffs' arguments. While it is true that only CR Title and CitiMortgage initially joined in the removal, these entities cited lack of service as the reason the other defendants could not consent at that time. See Docket Item No. 1, at ¶ 4. This statement is seemingly confirmed by the fact that neither the state court documents attached to the Notice of Removal nor this court's docket contain a proof of service or equivalent document as to any defendant. While Plaintiffs superficially contend in the Motion that the "complaint was served on all parties no later than April 25, 2011," this averment is unsupported by anything that can be considered actual evidence. Uribe v. McKesson, No. 08CV01285 DMS (NLS), 2011 WL 9640, 2011 U.S. Dist. LEXIS 133, at *28 (E.D. Cal. Jan. 3. 2011) ("[Points and authorities are, by definition, argument, not evidence to be admitted or stricken."). The court can only decide matters based on what is before it.[3] Since evidence of service on defendants has not been provided, it cannot be said on this record that Pam January, First American Title Insurance Company, or any of the named defendants were properly served prior to removal. As such, their joinder was not

---

[2] In fact, Plaintiff's contention that procedural challenges to removal can be brought past the 30-day time limit imposed by 28 U.S.C. § 1447(c) is contrary to well-settled authority providing that "[t]he propriety of removal is evaluated at the time the petition for removal is filed." Maseda v. Honda Motor Co., Ltd., 861 F.2d 1248, 1253 (11th Cir. 1988). Under Plaintiffs' argument, the court would have to construe the Notice of Removal in this case as of a some time subsequent to the date it was filed to determine whether procedural issues exist.

[3] In their reply declaration, Plaintiffs state that a document evidencing service of process on Defendant Pam January was filed in Santa Clara County Superior Court on May 6, 2011. If such document was actually filed in the then-removed state court action, it has not been presented to this court. In any event, the date the proof of service was filed is of no moment. Unless January was *served* prior to the date of removal - April 26, 2011 - her joinder was still not required. No evidence supporting the service date has been provided here.

Assuming January was not served prior to removal, her consent can be inferred because she is represented by the same counsel as the removing defendants, CR Title and CitiMortgage. See Clarke v. Upton, No. CV-F-07-888 OWW/SMS, 2007 WL 2875143, 2007 U.S. Dist. LEXIS 75416, at *9-11 (E.D. Cal. Oct. 3, 2007); see also Proctor, 584 F.3d at 1225 (holding that a notice of removal can be effective without individual consent documents on behalf of each defendant).

required. See Destfino, 630 F.3d at 956-57. Plaintiffs' instant objections to the removal notice lack merit for this reason.

In conclusion, the court finds Plaintiffs' motion to remand is untimely, and that the defects alleged by Plaintiffs are not supported by the evidence presented. Accordingly, Plaintiffs' motion will be denied. However, since it appears subsequently-appearing defendants consent to the removal, the court will order Defendants to appropriately amend the Notice of Removal in the interest of clarity. See 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

### III.   ORDER

Based on the foregoing:

1. The hearing scheduled for August 19, 2011, is VACATED;

2. Plaintiffs' Motion to Remand this case to Santa Clara County Superior Court is DENIED; and

3. Defendants are ordered to file an amended Notice of Removal reflecting the consent of all necessary defendants within 10 days of the date this order is filed.

**IT IS SO ORDERED.**

Dated: August 16, 2011

_____
EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Matthew T Bogosian staff@bogosianlaw.com
Christopher Lee Peterson cpeterson@piteduncan.com
Peter Joseph Salmon psalmon@piteduncan.com
Glenn Harlan Wechsler glenn@glennwechsler.com
Chris J. Young cyoung@kvn.com

**Dated: August 16, 2011**                    **Richard W. Wieking, Clerk**

                                              **By:    /s/ EJD Chambers
                                                      Elizabeth Garcia
                                                      Courtroom Deputy**

7

Case No. 5:11-cv-02043 EJD (HRL)
ORDER DENYING PLAINTIFFS' MOTION TO REMAND (EJDLC1)